CARROLL, CHAS., Chief Judge.
The appellant was injured in a fall while working as a waitress in the coffee shop of the Fontainebleau Hotel on January 6, 1955. She sought damages in the circuit court in ’an action against Morris Lapidus (architect), Taylor Construction Company (as the general contractor), Markowitz Brothers, Inc. (plumbers), Bramlett Equipment & Supply Co., Inc. (equipment company), and certain other defendants (engineers) later dismissed.
*208 Her case came on for trial before a jury. At the conclusion of the presentation of plaintiff’s evidence, the court granted motions of the defendants for directed verdict, ruling that the plaintiff was shown to have been guilty of contributory negligence as a matter of law, and entered judgment thereon, from which plaintiff has appealed.
As a waitress in the coffee shop, plaintiff was assigned to work at a portion of the counter which served six customers. Other waitresses handled other portions of the counter on either side of plaintiff’s station. The kitchen was to the rear of the work area behind the counter. Midway in that work area was a string of equipment, including a refrigerator.
In proceeding back and forth to her assigned portion of the counter, the plaintiff was required to pass through an aisle or opening in that equipment nearest her station, and which passed by one end of the refrigerator. It was physically possible, but impractical for her to use another route from the kitchen area to the counter, in efficient handling of her station. A drain, necessary at the point of the refrigerator, had improperly been set in the middle of that aisle space, instead of at or against the refrigerator. In addition, its malfunction, for reasons not necessary to detail here, caused the floor at that point to remain covered with an excess of water. No protective covering or slats were placed oyer that area for use by the employees.
The condition was obvious. Plaintiff complained about it to the hotel corporation which employed her. The defect was not remedied, and plaintiff continued to use the wet and dangerous passage. She had slipped there on certain occasions, and she was hurrying and not proceeding with caution at the time she fell.
The plaintiff charged the respective defendants with negligence in connection with the planning, installation, supervision and maintenance of the portion of the premises where she was injured. To establish their liability plaintiff relied on the condition of the hotel as being not yet completed and contended that the control and the consequent duties as occupiers of the premises remained in the defendants, citing Cockerham v. R. E. Vaughan, Inc., Fla. 1955, 82 So.2d 890, 892. That case shows that the contractor has liability coextensive with that of the possessor of the land for conditions created by him while the work remains in his charge and where the harm results “from that particular work entrusted to him as though he were the possessor of the land.”
That decision is not applicable here, because the particular portion of the property in which this plaintiff was working and where she was injured — the coffee shop— was not shown to be uncompleted, and if was in the possession of and was being operated by the hotel corporation, the plaintiff’s employer. The Cockerham case should not be construed as imposing coextensive liability on a builder for harm resulting from an open and obvious defect in a portion of the premises which is completed and which has been accepted and placed into use by the owner.
Also, contributory negligence of the plaintiff was clearly established. However, it was contended on behalf of the plaintiff that since in her employment she was forced, in effect, to use the dangerous passageway, her actions could not be classified as contributory negligence as a matter of law but presented a jury question as to that issue. The brief of the plaintiff-appellant contains authorities showing application of that principle to fix liability on one other than the employer, where such person is in control and possession of the premises on which there was located the defect or dangerous condition which the employee in those cases was required, through the performance of his duties, to encounter. In the present case it was established that the plaintiff was not in the employ of any of the appellees and that the coffee shop where she was working was in possession and control of her employer.
*209 If it be assumed, arguendo, that the rule thus contended for would operate to the plaintiff’s favor against one owing a duty to furnish her with a reasonably safe place to work, that rule does not apply to the appellees because no one of them owed such a duty to the plaintiff, and none was responsible for her compulsion to take such risks.
It follows that the trial judge was eminently correct in ruling that the defendants were entitled to a directed verdict, and the judgment appealed from is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.