ARLEAN THOMPSON, appellant, v. BURKE ENGINEERING SALES Co., a corporation, appellee.

No. 49779.

(Reported in 106 N.W.2d 351)

November 15, 1960.

Brown & Nordenson, of Sioux City, for appellant.

Sifford & Wadden, of Sioux City, for appellee.

GARFIELD, J.—We granted plaintiff this appeal under rule 332, Rules of Civil Procedure, from an interlocutory ruling of

the trial court sustaining defendant's motion to dismiss Count I of plaintiff's petition in a law action to recover for personal injuries alleged to have been caused by defendant's negligence. The dismissed count states plaintiff relies on the doctrine of res ipsa loquitur. Defendant's motion asserts the doctrine is not applicable under the facts alleged, specifically because defendant was not in exclusive control of the instrumentality that caused the injury.

Plaintiff alleges that on March 1, 1957, she was employed by The Normandy Restaurant in Sioux City when a large piece of metal ceiling in the kitchen, with plaster and debris, fell and struck her, causing the injuries complained of; in January 1956 defendant installed the ceiling and had exclusive control thereof until it was turned over to plaintiff's employer as completed for its use and that of its employees and the public; neither plaintiff nor her employer nor any other person did anything to cause the occurrence which arose solely from the condition of the ceiling as installed by defendant; neither plaintiff nor her employer knew what caused the ceiling to fall nor had access to the evidence thereof and such evidence is exclusively within defendant's knowledge; no one had access to the ceiling from above or disturbed it from below after its installation by defendant; it was fully protected from all the elements of nature; there was no intervening cause of the occurrence and its sole cause was defendant's negligence in constructing the ceiling.

I. Defendant's motion to dismiss admits all well-pleaded facts in the petition for the purpose of testing their legal sufficiency. Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823, and citations; Hawkeye-Security Ins. Co. v. Lowe Construction Co., 251 Iowa 27, 31, 99 N.W.2d 421, 424.

II. Under the doctrine of res ipsa loquitur, where 1) injury is caused by an instrumentality under the exclusive control of defendant and 2) the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used, the happening of the injury permits but does not compel an inference that defendant was negligent. Eaves v. City of Ottumwa, 240 Iowa 956, 969, 38 N.W.2d 761, 769, 11

A. L. R.2d 1164, 1176, and citations; Young v. Marlas, 243 Iowa 367, 371, 51 N.W.2d 443, 445; Schneider v. Keokuk Gas Service Co., 250 Iowa 37, 41, 92 N.W.2d 439, 441; Article by Harry G. Slife in 35 Iowa Law Review 393.

 III. In considering the applicability of res ipsa loquitur the question whether the occurrence is such as would not happen if reasonable care had been used rests on common experience and not on evidence in the particular case that tends to show the occurrence was or was not the result of negligence. Eaves and Schneider cases, supra; Shinofield v. Curtis, 245 Iowa 1352, 1360, 1361, 66 N.W.2d 465, 470, 50 A. L. R.2d 964, 972.

 We think dismissal of Count I of plaintiff's petition may not be upheld on the ground the alleged occurrence was such that, based on common experience, it would have happened if reasonable care had been used. Traditionally the rule of res ipsa loquitur has frequently been applied in cases of injuries from falling objects. A number of decisions throughout the country apply the doctrine to the fall of plaster from a ceiling. Dittiger v. Isal Realty Corp., 290 N. Y. 492, 49 N.E.2d 980, and citations; Windas v. Galston & Sutton Theatres, 35 Cal. App.2d 533, 535, 96 P.2d 170, 171; McCleod v. Nel-Co Corp., 350 Ill. App. 216, 112 N.E.2d 501; Manson v. May Department Stores Co., 230 Mo. App. 678, 71 S.W.2d 1081, 1082.

As stated in Windas v. Galston & Sutton Theatres, supra, "Plaster does not ordinarily fall from a ceiling if proper care has been used to see that the ceiling is safe." It would seem the fall of "a large piece of metal ceiling" might be found to be more unusual than the fall of plaster.

Defendant suggests and the trial court's opinion states the part of the ceiling which fell could reasonably have become loose or jarred free by steam and moisture from cooking in the kitchen, vibrations from within or without the building, leakage of water or any number of other causes. A ready answer is that the dismissed count alleges, and defendant's motion admits for present purposes, there was no such cause.

 IV. In most of the many cases that apply the res ipsa doctrine, the instrumentality which causes the injury is under defendant's exclusive control at the time the injury occurs.

However, there is a growing number of decisions which apply the rule where defendant was in exclusive control of the instrumentality at the time of the alleged negligent act, although not at the time of the injury, *provided* plaintiff first proves there was no change in the condition of the instrumentality after it left defendant's control which could reasonably have caused the injury. See 65 C. J. S., Negligence, section 220(8), pages 1017, 1018. Of course this assumes existence of the second foundation fact, stated in Division II hereof, that the occurrence is one which would not ordinarily happen if reasonable care had been used.

Perhaps most numerous of the precedents last referred to are those where a bottler of beverages has been held liable for injuries from the explosion of a bottle after it left defendant's control provided intervening causes are eliminated. Escola v. Coca-Cola Bottling Co., 24 Cal.2d 453, 150 P.2d 436, 438, 439; Gordon v. Aztec Brewing Co., 33 Cal.2d 514, 203 P.2d 522; Payne v. Rome Coca-Cola Bottling Co., 10 Ga. App. 762, 73 S.E. 1087; Nichols v. Nold, 174 Kan. 613, 258 P.2d 317, 38 A. L. R.2d 887; Stolle v. Anheuser-Busch, 307 Mo. 520, 271 S.W. 497, 39 A. L. R. 1001; Loch v. Confair, 372 Pa. 212, 93 A.2d 451, 453; 65 C. J. S., Negligence, section 220(12), page 1039.

Nichols v. Nold, supra, states at page 620 of 174 Kan., page 323 of 258 P.2d: "The real test is whether defendants were in control at the time of the negligent act or omission which either at that time or later produced the accident."

Stolle v. Anheuser-Busch, supra, holds it was error to sustain a demurrer to a petition quite similar in principle to the dismissed count here.

There are also many precedents which apply the res ipsa rule, under the same proviso, to injuries from the presence of broken glass or other foreign substance in a bottle of beverage. Crystal Coca-Cola Bottling Co. v. Cathey, 83 Ariz. 163, 317 P.2d 1094, 1098, 1099; Rost v. Kee & Chapell Dairy Co., 216 Ill. App. 497; Mayerhefer v. Louisiana Coca-Cola Bottling Co., 219 La. 320, 52 So.2d 866; Goldman & Freiman Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866, 871; Underhill v. Anciaux, 68 Nev. 69, 226 P.2d 794, 796, 797; Tafoya v. Las Cruces Coca-Cola Bottling Co., 59 N. M. 43, 278 P.2d 575, 578, 579.

Other decisions apply the res ipsa doctrine under varying facts where defendant was not in control of the instrumentality causing the injury at the time thereof, provided plaintiff proves no change in condition of the instrumentality after it left defendant's control caused the injury. Hercules Powder Co. v. Automatic Sprinkler Corp., 151 Cal. App.2d 387, 311 P.2d 907 (explosion allegedly caused by malfunctioning of sprinkler system installed by defendant at least 19 months previously and checked by it about every six months, the last time 30 days before the fire); Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A. L. R.2d 1437, 1444 (plaintiff's house burned by failure of furnace installed by defendant to function properly); Saunders v. Walker, 229 La. 426, 86 So.2d 89, 93 (plaintiff's residence damaged by water caused by slipping of a rubber hose in an air-conditioning system installed by defendant in the attic); Peterson v. Minnesota Power & Light Co., 207 Minn. 387, 291 N.W. 705, 707 (plaintiff burned by flash of electricity from electric stove installed by defendant); Rafferty v. Northern Utilities Co., 73 Wyo. 287, 278 P.2d 605 (fire allegedly caused by defendant's negligently cleaning and reinstalling a gas heater). The Plunkett case states it is similar in principle to the exploding bottle cases previously referred to.

Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 649, 51 N.W.2d 400, 403, applies the res ipsa rule in favor of a tenant-storekeeper whose property on the first floor of a building was damaged by water from a heater on the third floor occupied by defendant club. The club was permitted to recover over, also under the res ipsa doctrine, against a plumber whose employees had repaired the heater.

The Weidert opinion quotes at length from Peterson v. Minnesota Power & Light Co., supra, including this statement therein from 3 Cooley, Torts, Fourth Ed., section 480, page 386: "Control 'is not necessarily a control exercised at the time of the injury, but may be one exercised at the time of the negligent act which subsequently resulted in an injury'." Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 201 F.2d 408, 413, 37 A. L. R.2d 1399, 1407, also quotes this with apparent approval.

Weidert v. Monahan Post Legionnaire Club, supra, does not hold plaintiff could not recover from the plumber under the res ipsa doctrine. Plaintiff did not sue the plumber, so there was no occasion to consider that question.

Defendant's argument here comes close to conceding plaintiff could invoke the res ipsa doctrine against her employer and it in turn could invoke the doctrine against defendant. If this be true there is no sound reason why plaintiff may not invoke the doctrine against defendant upon the considerations herein stated.

According to the dismissed count of plaintiff's petition defendant turned over the ceiling to plaintiff's employer about 13 months prior to her injury. It is entirely possible that during this period something may reasonably have happened to cause the fall of part of the ceiling other than the alleged negligence of defendant in its construction. Upon the trial plaintiff may have difficulty in eliminating such intervening causes. However, in view of the allegations of the petition which now stand admitted we are not justified in upholding the trial court's ruling on the ground of the lapse of time since defendant relinquished control of the ceiling to plaintiff's employer.

If, upon the trial, plaintiff succeeds in making a prima-facie case under her Count I, defendant will have the burden of offering evidence to rebut the inference it was negligent in the construction of the ceiling. See Anderson v. Fort Dodge, D. M. & So. R. Co., 208 Iowa 369, 378–382, 226 N.W. 151; Preston v. Des Moines Ry. Co., 214 Iowa 156, 241 N.W. 648; Annotations, 59 A. L. R. 486, 92 A. L. R. 653. Defendant will be under no obligation to prove what in fact caused the occurrence. Great A&P Tea Co. v. Kennebec Water District, 140 Maine 166, 34 A.2d 729; MacDonald v. Pennsylvania R. Co., 348 Pa. 558, 36 A.2d 492, 496, and citation; 1 Shearman and Redfield on Negligence, Revised Ed., section 56, page 155.

Virtually all authorities agree res ipsa loquitur is a rule of evidence, not of pleading or substantive law. Gebhardt v. McQuillen, 230 Iowa 181, 185, 297 N.W. 301, 303, and citation; 65 C. J. S., Negligence, section 220(3)a, pages 993, 994. Its applicability can best be determined at the conclusion of the

trial, not in advance thereof. Saunders v. Walker, supra, 229 La. 426, 86 So.2d 89, 92.

V. Defendant seeks to uphold the trial court's ruling by asserting an independent contractor is not liable for injuries to third persons after the work has been completed and in the owner's control. It is doubtful, at best, if this was a ground of the motion to dismiss. Certainly it was not clearly stated. We have repeatedly refused to uphold the sustaining of a motion to dismiss upon a ground not asserted in the trial court. American M. L. Ins. Co. v. State A. I. Assn., 246 Iowa 1294, 1303, 72 N.W.2d 88, 93, and citations; Herbst v. Treinen, supra, 249 Iowa 695, 702, 88 N.W.2d 820, 824.

However, the trial court based its ruling in part upon the consideration just suggested and defendant has argued it here, citing as authority language in Division I of Larrabee v. Des Moines Tent & Awning Co. (1920), 189 Iowa 319, 322, 323, 178 N.W. 373, 374. For these reasons and because we deem the language referred to unsound and contrary to the overwhelming weight of current authority, we will say the contention is without merit.

The Larrabee opinion refers to the old rule, now generally discredited, "It is broadly true that, where the charge of negligence is based upon a breach of duty arising out of contractual relations, no cause of action arises in favor of one not in privity to such contract." The opinion also quotes from Wharton on Negligence, published in 1878, and cites eight precedents, latest of which was decided in 1905. The opinion recognizes that the rule it refers to was subject to exceptions and mentions some of them. The rule of nonliability for negligence of a building contractor except to one in privity of contract with him was based upon dictum in Winterbottom v. Wright (1842), 10 Mees. & W. 109, 152 English Reprint 402.

The old rule of nonliability for negligence of a manufacturer of goods except to one in privity of contract with him was repudiated in the famous decision of MacPherson v. Buick Motor Co. (Cardozo, J.), 217 N. Y. 382, 111 N.E. 1050, L. R. A. 1916F 696, Ann. Cas. 1916C 440, 13 N. C. C. A. 1029, which has been generally accepted. See Carter v. Yardley & Co., 319

Mass. 92, 64 N.E.2d 693, 164 A. L. R. 559, and annotation, 569. Similarly the old rule of nonliability for negligence of a building contractor except to one in privity of contract with him has been repudiated in most recent decisions that consider the question. This is the view of the American Law Institute. Restatement Torts, sections 385, 395.

The subject is fully considered in Hanna v. Fletcher, 97 App. D. C. 310, 231 F.2d 469, 58 A. L. R.2d 847, and annotation, 865. This annotation states at page 872: "As the modern view gains more and more support among the leading jurisdictions it seems safe to predict that the general rejection of the old privity of contract rule as to building contractors is merely a matter of time.

"It is submitted that such a development is fully in accord with modern legal theory. Both reason and justice revolt against a further retention of the old rule with its potentially unfair results based on nothing but antiquated legal concepts and refuted hazy ideas of public policy. There can hardly be any doubt that liability should issue from negligence in the face of a danger to others that may be reasonably foreseen. This principle has been applied successfully in the case of personal property for the last forty years. It is equally applicable in the case of real property and will avoid in this field the confusion and uncertainty which is inherent in the application of the rule of nonliability with its numerous flexible and poorly defined exceptions. * * *.

"Among the text and law review writers there is and has been for some time substantial agreement in favor of adopting the 'modern view'."

Earlier consideration of the subject under discussion is found in Hale v. Depaoli, 33 Cal.2d 228, 201 P.2d 1, 13 A. L. R.2d 183, and annotation, 191.

The 1960 Cumulative Supplement to 27 Am. Jur., Independent Contractors, section 55, page 535 (page 159 of Supplement), says: "In a number of cases, all of them of fairly recent origin, the language and reasoning of the rule of nonliability with respect to negligent building or construction contractors had been expressly overthrown. These cases support the

view that a building or construction contractor is liable for injuries to, or the death of, third persons occurring after the completion of his work and its acceptance by the contractee, where the work is reasonably certain to endanger third persons if negligently prepared or constructed. The modern view is based on recognition of the fact that there are no sufficient grounds for a differentiation between the liability for negligence of a manufacturer of goods and that of a building or construction contractor."

Anderson v. Linton, 7 Cir., Ill., 178 F.2d 304, 309, points out that Larrabee v. Des Moines Tent & Awning Co., supra, 189 Iowa 319, 178 N.W. 373, was decided before general abandonment of the old rule of nonliability for negligence except where there was privity of contract and states: "* * * we feel that we should not attribute to Iowa a doctrine that has been repudiated by most jurisdictions; we feel justified in concluding that the Supreme Court of Iowa would today adopt the modern rule * * *." To like effect is Mason v. American Emery Wheel Works, 1 Cir., R. I., 241 F.2d 906.

Stolle v. Anheuser-Busch, supra, 307 Mo. 520, 524, 271 S.W. 497, 498, 39 A. L. R. 1001, 1003, a case similar to this in principle, disposes of a contention like the one defendant suggests here in this brief fashion: "The defendant's responsibility rests not on contract but in tort, 'and therefore the contention as to want of contractual relation is wholly irrelevant' [citations]."

What has so far been said in this Division hereof has no special application to the doctrine of res ipsa loquitur. It applies to negligence cases generally. It is the prevailing view that applicability of the res ipsa doctrine does not depend on the relation of the parties, contractual or otherwise. Dittiger v. Isal Realty Corp., supra, 290 N. Y. 492, 49 N.E.2d 980, 982, and citations; 38 Am. Jur., Negligence, section 302 ("The presumption or inference arises from the circumstances and nature of the act, not from the nature of the relation of the parties.") ; 65 C. J. S., Negligence, section 220(7)b, page 1005 ("According to the prevailing, if not unanimous, view the application of the res ipsa loquitur rule is not restricted to cases involving a breach

of duty to use care growing out of a contractual obligation, but applies to actions sounding in tort where the parties stand in no particular relation to each other and where the injuring party was bound to the exercise of ordinary care only.").— Reversed and remanded.

LARSON, C. J., and BLISS, HAYS, THOMPSON, PETERSON, GARRETT, and THORNTON, JJ., concur.