141 So.2d 590 (1962)
Rene Vincent RODRIGUEZ, Appellant,
v.
SHELL'S CITY, INC., a Florida corporation; and max Freundlich and Fred Kantor, Individuals trading and doing business as partners in Irolite Finishing Company, a partnership, Appellees.
No. 61-508.
District Court of Appeal of Florida, Third District.
April 17, 1962.
On Rehearing June 12, 1962.
Nichols, Gaither, Beckham, Colson & Spence, Miami, and Alan R. Schwartz, Miami Beach, for appellant.
Blackwell, Walker & Gray and Paul R. Larkin, Jr.; Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
The plaintiff, Rene Vincent Rodriguez, appeals a final summary judgment in favor of the defendant, Shell's City, Inc. On May 27, 1958, plaintiff was severely injured when a piece of a hard rubber disk, which was part of a sanding kit, disintegrated and flew into his eye. The sanding device had been purchased very shortly before the accident by the plaintiff's brother, Luis Rodriguez, from the defendant, Shell's City, Inc., a large department store and supermarket. Luis assembled the kit which consisted of three parts  a small rubber disk about six inches in diameter, a sheepskin bonnet for buffing and a six inch piece of abrasive for sanding, and attached the said kit to an electric drill which was to operate the same. After assembly, Luis plugged the drill into an electrical wall socket in the garage of the home at which both he and the plaintiff resided. He then pressed the drill trigger to test the device when the hard rubber disk flew apart into three pieces, one of which struck the plaintiff in the eye while he was standing about three feet away.
It further appears that prior to the accident there was no indication that the rubber disk or the other parts of the sanding device were defective; that the sanding kit purchased by the plaintiff's brother was bought without any express representation on the part of the defendant, Shell's City, Inc.; that the sanding kit components are assembled by the Irolite Finishing Company, a New York partnership which is not involved in this appeal; that the partnership receives the components of the sanding kit from a number of manufacturers; that the sanding kits are sent by the said partnership to a supply company in Miami which in turn distributes the said kits to retail establishments such as the defendant, Shell's City, Inc.; that the product has been sold for a period of three years, at a rate of over five thousand per year, without any previous instances of defective components.
*591 Plaintiff-appellant has assigned, as error, the granting of the final summary judgment in favor of the defendant. The determinative question is whether one not in privity with the retailer of a dangerous instrumentality may recover from the retailer for breach of an implied warranty of fitness for injuries caused by a latent defect in the instrumentality.
We find it unnecessary to decide the issues presented by the parties as to whether the rotating sanding device is a dangerous instrumentality and whether the lack of privity is a bar to an action against a retailer for the sale of such dangerous instrumentality on a theory of breach of implied warranty. This is so because we find that the plaintiff, Rene Rodriguez, was not an injured user of the product but was merely a bystander at the time the accident in question took place. Whatever inroads have been made in recent years toward liberalizing the availability of the implied warranty action against one not in privity with the injured, the courts of this state have never relaxed the requirement that the injured be a user of the product involved. Our Supreme Court stated in Carter v. Hector Supply Co., Fla. 1961, 128 So.2d 390, at page 393:
"The sum of our holding here simply is that one who is not in privity with a retailer has no action against him for breach of an implied warranty, except in situations involving foodstuffs or perhaps dangerous instrumentalities, a problem not presently here. This is the rule for the reason that a warranty is essentially an aspect of a contractual relationship and will not generally be implied absent such a relationship between the parties. Unless one of the stated exceptions exists the injured user of a commodity who is not in privity with the retailer, is relegated to an action for negligence which in turn requires allegation and proof of fault as distinguished from the absolute liability of an implied warranty." (Emphasis added)
The record herein, adequately demonstrates that the plaintiff, Rene Rodriguez, was a bystander and not a user of the product when accidently injured by the disintegration of the rubber disk during the operation of the sanding device.
Accordingly, we hold that the lower court was correct in entering the final summary judgment appealed.
Affirmed.

ON REHEARING GRANTED
PER CURIAM.
A rehearing having been granted and oral argument having been heard on the question posed by this court's order dated May 17, 1962, it is ordered and adjudged by the court that the opinion of this court in this cause, filed April 17, 1962, be and the same is hereby reaffirmed and adhered to on rehearing.