FRED W. HAHN, III, appellant, v. FORD MOTOR COMPANY, LOUIS M. BURNETT, d/b/a BURNETT MOTOR SALES, et al., appellees.

MARJORIE HAHN, appellant, v. FORD MOTOR COMPANY et al., appellees.

Nos. 51154
51153.

(Reported in 126 N.W.2d 350)

28

FEBRUARY 11, 1964.

Newport, Wine & Schebler, of Davenport, for appellants.

Lane & Waterman, of Davenport, for appellee Ford Motor Company.

O'Connor, Thomas, McDermott & Wright, of Dubuque, for appellee Louis M. Burnett.

STUART, J.—Plaintiffs brought separate actions to recover damages for injuries sustained in a collision between a car driven by Fred W. Hahn, III, in which Mrs. Hahn was riding, and a truck. They have been combined on appeal as identical issues are presented. Reference will be made to the parties as if only one action were involved, however, the opinion will apply with equal force to both cases. The petition contained nine divisions and named as defendants, the owner-driver of the truck, his employer, the owner of the garage where the truck was serviced, the Ford Motor Company, its manufacturer, and Burnett Motor Sales, the seller. The case comes to us on four divisions of the petition in which recovery is sought against Ford Motor Company and Burnett Motor Sales for breach of implied warranty and specific negligence. The trial court sustained the separate motions of these defendants to dismiss the applicable divisions and plaintiff elected to stand on the record and has appealed.

I. "A doubtful pleading is resolved against the pleader when attacked before issue is joined or in the answer." Ruud v. Grimm, 252 Iowa 1266, 1270, 110 N.W.2d 321, 323; Eaton v. Downey, 254 Iowa 573, 579, 118 N.W.2d 583, 586; Reed v. Harvey, 253 Iowa 10, 110 N.W.2d 442. When considering a motion to dismiss, well pleaded, relevant and issuable facts are deemed true, Gates v. City of Bloomfield, 243 Iowa 671, 53 N.W.2d 279, but conclusions which are not supported by pleaded ultimate facts are not admitted. Townsend v. Armstrong, 220 Iowa 396, 260 N.W. 17; Blizzard v. First State Savings Bank of McGregor, 243 Iowa 652, 53 N.W.2d 240. A motion to dismiss which does not disclose wherein the pleading is claimed to be insufficient should be overruled. Rule 104(b), (d), Rules of Civil Procedure; Newton v. Grundy Center, 246

Iowa 916, 70 N.W.2d 162; Wernet v. Jurgensen, 241 Iowa 833, 43 N.W.2d 194; Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102.

Plaintiff, after identifying the parties and alleging their relationship, alleged he was driving his car in a southerly direction on the highway when a truck following another automobile or automobiles approached from the south. "At the time and place set forth, the defendant, LeRoy Yoerger, turned left on said highway and into the westerly lane thereof, directly in front of said automobile which this plaintiff was driving and drove his said milk truck into and upon the said automobile * * *." Plaintiff's car was to the far right side of the right lane of traffic.

In his claim of breach of implied warranty, plaintiff alleges that Ford, by manufacturing and placing the truck into channels for eventual sale to the public, "impliedly warranted that the said Ford truck would be safe to operate upon the highways in so far as its hydraulic braking system was concerned and that said hydraulic braking system would not suddenly fail and place in jeopardy other members of the general public" properly using the highway. He claims Burnett gave the same implied warranty when it sold the truck. Plaintiff alleges defendants should have anticipated the use of the highway by the general public and that he, as a member of the general public, had a right to and did rely on said implied warranty, which was breached.

A warranty in the terms suggested by plaintiff would make the manufacturer and dealer insurers against a sudden failure of the brakes for the entire life of the vehicle. There is no limit as to time or cause of the "sudden failure" of the brakes. There are no ultimate facts pleaded which would in anyway limit the broad application of the stated allegation. We are not told the age of the vehicle, the number of miles it has been driven or its condition of repair and maintenance. It is not even indicated in this division that reliance is placed upon faulty design rather than faulty workmanship. The manufacturer and dealer cannot be held to such a broad and unlimited implied warranty of fitness.

The petition also fails to allege any causal connection between the breach of the claimed implied warranty and the accident and the resulting injuries. The accident was caused when the driver "turned left on said highway and into the westerly lane thereof directly in front of" plaintiff's automobile. No ultimate facts are pleaded which in anyway connect the turn to the left with the failure of the brakes. There is no allegation the brakes were applied. There is no allegation the driver of the truck was overtaking vehicles ahead of him or that they slowed down requiring him to turn to the left to avoid striking them. There is a complete failure to plead any facts which would associate plaintiff's position on the left side of the road with the alleged brake failure.

Division IV of the petition does not state a cause of action against Ford Motor Company on the ground of implied warranty nor does Division VII state a cause of action against Burnett on the ground of implied warranty.

II. Plaintiff argues vigorously that the implied warranty theory of liability should be extended to members of the general public injured by breach thereof. Ford Motor Company devotes most of its excellent brief to this proposition. We believe these parties are entitled to have this question answered and also feel that our failure to say anything about the position of the plaintiff might be misconstrued. We have therefore considered this proposition although it is not essential to a determination of this cause in view of our holding in Division I.

Plaintiff concedes that the extension of the breach of warranty theory to the general public would be new law in the State of Iowa, but argues that such extension logically follows the departure from the privity of contract limitation on implied warranty taken in State Farm Mutual Auto. Ins. Co. v. Anderson-Weber, 252 Iowa 1289, 110 N.W.2d 449. On the theory that the "modern view" has eliminated the distinction between causes of action grounded upon breach of implied warranty and negligence, he cites several negligence cases holding privity of contract is unnecessary in an action against the seller or manufacturer of defective goods. Flies v. Fox Bros. Buick Co., 196 Wis. 196, 218 N.W. 855, 60 A. L. R. 357; Thompson v. Burke Engi-

neering Sales Co., 252 Iowa 146, 106 N.W.2d 351; MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N.E. 1050, L. R. A. 1916F 696, Ann. Cas. 1916C 440. He urges us to apply the test of foreseeability to breach of warranty cases that we have applied to negligence cases and in support of his argument quotes from State Farm Mutual Auto. Ins. Co. v. Anderson-Weber, 252 Iowa 1289, 1301, 110 N.W.2d 449, 456:

"In Iowa the old rule of nonliability for negligence of a manufacturer of goods except to one in privity of contract has been repudiated. See discussion in Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 153, 106 N.W.2d 351, 356, and citations.

"The same reasoning applies in warranty as in negligence cases."

While language in the Anderson-Weber case as well as some in cases from other jurisdictions might be so interpreted, the facts of the cases do not support this conclusion. None of the cases has gone further than to allow recovery for breach of implied warranty in those situations in which use or consumption of the articles by a person in the relationship of the injured party to the purchaser should have been reasonably anticipated by the manufacturer or seller.

State Farm Mutual Automobile Ins. Co. v. Anderson-Weber (1961) supra (subrogee of purchaser); Henningsen v. Bloomfield Motors, Inc. (1960), 32 N. J. 358, 161 A.2d 69, 75 A. L. R.2d 1 (wife of ultimate purchaser); General Motors Corp. v. Dodson, 47 Tenn. App. 438, 338 S.W.2d 655 (ultimate purchaser); Barlow v. DeVilbiss Co. (1963), 214 F. Supp. 540 (refused to extend to employee of purchaser); Duckworth v. Ford Motor Co. (1962), 211 F. Supp. 888 (ultimate purchaser); Goldberg v. Kollsman Instrument Corp. (1963), 12 N. Y.2d 432, 191 N.E.2d 81 (passenger of purchaser); Hochgertel v. Canada Dry Corporation (1963), 409 Pa. 610, 187 A.2d 575 (refused to extend to employee of purchaser); Peterson v. Lamb Rubber Co. (1960), 54 Cal.2d 339, 353 P.2d 575 (extended to employee of purchaser); Hart v. Goodyear Tire & Rubber Co. (1963 Ind.), 214 F. Supp. 817 (extended to employee of purchaser); Long v. Flanigan Warehouse Co. (1963 Nev.), 382 P.2d 399

(refused to extend to employee of purchaser); Rodriguez v. Shell's City, Inc. (1962 Fla.), 141 So.2d 590 (refused to extend to bystander).

 Whether defined as "distributive chain", "industrial family" or otherwise, all cases examined on this question, including those in the comprehensive annotation at 75 A. L. R.2d 39, have required some relationship between the injured party and the purchaser. Without intending to indicate in anyway the extent to which the implied warranty theory will be applied to persons in the distributive chain beyond the facts of the Anderson-Weber case, we hold that there is no implied warranty of fitness from the manufacturer or dealer to members of the general public.

III. Plaintiff, in the negligence count against Ford re-alleged the relationship of the parties, the direction of travel of the vehicles, the turn to the left into his lane by the driver of the truck and the collision. He also alleged plaintiff's car was to the far right side of his own lane of traffic, and the truck had been purchased new to haul milk and was built by Ford for resale to the public. It was designed with hydraulic brakes and a hand brake which would keep the truck from moving from a standstill but would not stop it when loaded. The hydraulic brakes furnished adequate braking as long as the proper level of hydraulic fluid was maintained but would completely fail "if, for any reason" the fluid was lowered a certain amount. The truck had no emergency stopping system if the brakes failed and no safety device to protect the driver and the general public. Ford knew the truck would carry a 4000- to 5000-pound load and would travel at speeds up to 50 miles per hour on the public highways.

The petition alleged Ford was negligent (a) in equipping the truck with a braking system which would fail if level of hydraulic fluid was lowered below a certain point, (b) in failing to equip truck with safety device to bring truck to a stop within the assured clear distance ahead in the event of a brake failure, (c) in failing to equip truck with separate braking system for front and back wheels, (d) in designing a hand brake which would not stop a loaded truck in the event of a brake failure, (e) in failing to furnish a warning system on the truck

**34**

to warn the general public of a brake failure, (f) in failing to provide adequate protection for wheel cylinders containing hydraulic fluid to prevent loss of fluid, (g) in installing a braking system which would cease to function without warning when truck was being used for purposes for which sold. Said negligence was alleged to be the proximate cause or a concurring cause of the accident and injury.

The same allegations were made in the count against Burnett which was alleged to be liable as seller.

Ford and Burnett moved to dismiss on the grounds the petition (a) fails to allege violation of any legal duty to plaintiff, (b) does not allege brakes failed to comply with Iowa safety standards, (c) they owed no duty other than to comply with Iowa safety laws, (d) a manufacturer or seller owed no duty to plaintiff as to design characteristics, (e) petition shows on its face injuries and damages were caused by an intervening cause, the act of driver in driving to the left side of the highway.

By amendment plaintiff also alleged the truck was dangerous to life and limb because of this negligence when the only adequate braking system failed. He also added two additional allegations of negligence (h) in failing to provide brakes which complied with section 321.430, Code of Iowa, (i) in failing to warn the general public that the truck was so constructed that it would not have adequate brakes if fluid lowered below a certain point.

Upon motion the trial court struck all of the amendment except (h) and then sustained the motions to dismiss on the grounds the pleaded facts show no legal duty of either defendant to plaintiff and that the petition shows on its face there was an intervening cause which produced the accident.

With the rules set forth in Division I in mind, we have scrutinized this count of the petition. Defendants claim plaintiff did not plead that the brakes failed. While it is not as clear as it might have been, we were able to find in paragraph 9(e) the phrase: "* * * in the eventuality that the hydraulic braking system would fail, *as occurred in the occurrence herein complained of*". (Emphasis supplied.) For the purposes of this

opinion we will consider this a sufficient pleading that the brakes failed.

Even so, plaintiff pleads only that the brakes failed and the driver "turned left on said highway and into the westerly lane thereof directly in front of" plaintiff's automobile. We have been unable to find any pleading of ultimate fact to support the conclusion pleaded that the negligence of defendants was the proximate cause or a concurring proximate cause of the accident. The pleaded facts in no way allege that the defendant applied the brakes and that their failure to function made it necessary for him to turn to the left into plaintiff's lane. It was pleaded that the truck was "following" some cars, but he does not plead that the truck was overtaking them and had to turn to keep from striking them. There is the same failure to plead facts which would associate plaintiff's position on the left side of the road with the brake failure in this count which we found in the warranty counts.

We are also persuaded there was no legal duty on the part of the defendants to do the things complained of in specific charges, a, b, c, d, e, g and i. We know of no motor vehicle manufactured at the present time which is constructed in the manner plaintiff claims necessary to avoid a charge of negligent design. There are no statutory requirements for the precautions urged by plaintiff.

A duty would exist to provide "adequate protection for wheel cylinders containing hydraulic fluid" as alleged in paragraph 9(f). However the petition does not plead the age, model, or year of the truck or allege that there was a leak in the wheel cylinders or that a leak was caused by the alleged negligence.

In paragraph 9(h) appearing in the amendment, plaintiff charges violation of section 321.430(1), Code of Iowa, which provides:

"Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes

are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels."

This section was enacted by the Forty-seventh General Assembly in 1937 as part of a comprehensive motor vehicle Code. The section also included subsection (4) which reads in part as follows:

"Except as otherwise provided in this chapter, *every new* motor vehicle, trailer, or semitrailer hereafter sold in this state and operated upon the highways shall be equipped with service brakes upon all wheels of every such vehicle with the following exceptions: [exceptions not applicable]" Section 321.430(4).

Section 321.431, which follows, sets out the required standards of performance:

"1. The service brakes upon any motor vehicle or combination of motor vehicles, when upon dry asphalt or concrete pavement surface free from loose material where the grade does not exceed one percent, when traveling twenty miles an hour shall be adequate:

"a. To stop such vehicle or vehicles having a gross weight of less than five thousand pounds within a distance of thirty feet.

"b. To stop such vehicle or vehicles having a gross weight in excess of five thousand pounds within a distance of forty-five feet.

"2. Under the above conditions the hand brake shall be adequate to hold such vehicle or vehicles stationary on any grade upon which operated.

"3. * * *."

We interpret the subsection referred to by plaintiff to apply to cars in operation at the time of the enactment of the law, some of which were equipped with two-wheel brakes. Subsection (4) required all new motor vehicles to have four-wheel service brakes which would meet the tests specified in section 321.431. If the motor vehicle met the braking tests, a hand brake is only required to hold a stationary vehicle.

Plaintiff in paragraphs 4 and 5 alleges the truck was equipped with hydraulic brakes which furnished adequate brak-

ing as long as the proper level of hydraulic fluid was maintained and also a hand brake to hold the truck from moving out of a parked position. Such brakes meet the statutory requirements.

Plaintiff in reply claims the motions to dismiss failed to specify wherein the petition failed to plead a cause of action. We do not agree. The motion in Wernet v. Jurgensen, 241 Iowa 833, 836, 43 N.W.2d 194, 197, merely asserts "plaintiff has failed to state a cause entitling her to the relief demanded." In Wright v. Copeland, 241 Iowa 447, 450, 41 N.W.2d 102, 104, the motion to dismiss stated as a ground: "The facts alleged do not entitle plaintiffs to the relief demanded." The grounds heretofore set out were specific and definite and were sufficient to call plaintiff's attention to the claimed deficiencies.

We find it unnecessary to consider the liability of either the manufacturer or seller to the general public for "design negligence".

For the reasons hereinabove set out the trial court is affirmed.—Affirmed.

HAYS, LARSON, PETERSON, THORNTON and MOORE, JJ., concur.

SNELL, J., GARFIELD, C. J., and THOMPSON, J., concur specially.

SNELL, J. (concurring specially)—I concur in Division I and in the result. The case should be affirmed.

The first sentence in Division I says: "A doubtful pleading is resolved against the pleader when attacked before issue is joined or in the answer." Applying this well recognized rule there is no adequate pleading of causal connection between plaintiff's damage and plaintiff's complaint against the motor vehicle manufacturer or seller. The deficiency is fatal whether plaintiff's claim is founded in contract or tort.

The petition being deficient in an essential matter the complex field of products liability is not properly before us. Discussion thereof is unnecessary and premature.

GARFIELD, C. J., and THOMPSON, J., join in this special concurrence.