220 So.2d 414 (1969)
Jacinto CALVERA, As Administrator of the Estate of Hilda A. Calvera, Deceased, and Jacinto Calvera, Individually, and Hilda Calvera, His Wife, Appellants,
v.
GREEN SPRINGS, INC., Gerald J. Green and Herschel V. Green, d/b/a H.V. Green Construction Co., a Partnership, Appellees.
No. 68-796.
District Court of Appeal of Florida. Third District.
March 11, 1969.
Rehearing Denied April 9, 1969.
*415 Horton & Schwartz, Wall, Roth & Sheradsky, Miami, for appellants.
Dixon, Bradford, Williams, McKay & Kimbrell, and James A. Dixon, Jr., Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The plaintiffs appeal from a final judgment which dismissed with prejudice their fourth amended complaint against the two defendants who appear here as appellees. The question presented is whether the complaint stated a cause of action against those defendants.
The allegations of the complaint, which must be accepted as true on this appeal, are substantially as follows. The decedent, a little girl about eight years old, went with her parents to visit friends named Jimenez. Mr. and Mrs. Jimenez had recently purchased a home from appellee Green Springs, Inc., which "was in the business of constructing homes and projects of homes for sale * * * to private families. * * *" The appellee partnership, H.V. Green Construction Co., was engaged by Green Springs, Inc., as general contractor for building the homes in the project. Green Springs, Inc., "provided two large, heavy, cement planters partially filled with sand which were placed by the Defendant GREEN SPRINGS, INC., its agents or representations, on two cement brackets attached to the outside front elevation of the [Jimenez] house." It is alleged that H.V. Green Construction Co. also took part in placing the planters on the brackets. "The said cement brackets were inadequate and insufficient, and the planters were in no way attached to the brackets or the said elevation of the house, creating as a result thereof, a condition of danger and peril to all persons lawfully on or near or in contact with the said portion of the premises." The child was playing near one of the planters. She came in contact with it. It fell on her and caused injuries which resulted in her death.
The appellants urge that the complaint is sufficient to state a cause of action against the two defendants because they created the unsafe condition which caused the injury to the child and her eventual death. They urge alternatively that under the facts of this case the appellees should be held liable under the theory of attractive nuisance or under the doctrine of res ipsa loquitur.
In urging liability of the appellees on the theory of active negligence, the appellants rely on the holding in Slavin v. Kay, Fla. 1959, 108 So.2d 462. The appellees recognize the importance of the Slavin case by citing it as authority for affirmance. In that case the plaintiff-appellant, a guest in a motel, was injured when a basin fell from the wall of the bathroom in the unit he occupied. He brought suit against the owner of the motel for failure to maintain the premises in a safe condition and against the company which had installed the basin for negligence in improperly attaching the basin.
The trial court directed a verdict for both defendants and entered final judgment in their favor. The Supreme Court affirmed the judgment for the motel owner but reversed the judgment for the company which had installed the basin, holding:
"* * * Where, as in the instant case, the owner cannot be held to have assumed the risk of a particular defect or danger, then there is no intervening fault to sever the causal relation between the contractor's negligence and the injury, and he should be answerable to the same extent as for any negligent *416 act which involves an unreasonable risk to third parties." 108 So.2d at 467 (footnote omitted).
The reason for this holding is stated in the paragraph immediately following it:
"To hold otherwise would result necessarily in the anomaly of fault without liability and wrong without a remedy, contrary not only to our sense of justice but directly conflicting with the express mandate of the Florida Constitution, Declaration of Rights, Section 4, F.S.A., that `every person for any injury done him * * * shall have remedy * * *.'"
The holding in the Slavin case requires us to reverse the judgment appealed from. If the appellees did fail to attach or adequately support the planter that crushed the child, they created a condition of greater inherent danger than that created by the contractor which improperly attached the basin that injured Mr. Slavin. We hold that the complaint was sufficient to state a cause of action against H.V. Green Construction Co., the appellee partnership alleged to be the actual builder.
We also hold that the complaint was sufficient to state a cause of action against Green Springs, Inc., the ownerdeveloper of the housing project. We think the word "owner" in the holding we quoted above refers to one who has purchased real property in order to live or conduct a business on it but not to one who has purchased undeveloped real property to develop it for purposes of resale. We think this because we do not believe the Supreme Court intended its holding in Slavin v. Kay to insulate all owners of real property from liability for harm caused by improper construction methods of third party contractors. We therefore conclude that one who owns real property which is being developed by the construction of homes for resale has a nondelegable duty to see that the residence is so constructed as to be reasonably free from dangerous latent defects which will cause harm to those who foreseeably will come onto the property after the construction has been completed and the property resold.
The complaint also stated a cause of action against the appellees on the theory that the planter was an attractive nuisance. Cf. Butler v. Porter-Russell Corporation, Fla. 1968, 217 So.2d 298. But the doctrine of res ipsa loquitur is not applicable to this cause since the planter was not under the control of the appellees at the time of the injury. See Frash v. Sarres, Fla. 1952, 60 So.2d 924. But see Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 106 N.W.2d 351, 84 A.L.R.2d 689 (1960).
Reversed and remanded.