242 So.2d 153 (1970)
Julia HUTCHINGS, As Mother and Next Friend of Wendy Hutchings, a Minor, and Julia Hutchings, Individually, Appellants,
v.
Milton C. HARRY, F & R Builders, Inc., and F & R Home Building Corp., Appellees.
No. 70-220.
District Court of Appeal of Florida, Third District.
December 15, 1970.
Rehearing Denied January 11, 1971.
*154 Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellants.
Waldo G. Rothenberg, So. Miami, for Milton C. Harry.
Adams, George & Wood and David L. Willing, Miami, for F & R Builders, Inc. appellees.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PEARSON, Chief Judge.
This appeal is from a final judgment dismissing appellants' complaint against three of five defendants. The complaint was dismissed without leave to amend upon motions of the appellees, therefore the question presented upon each dismissal is whether the facts alleged showed an inherent defect in the cause.
The complaint alleges that the minor appellant was injured when she ran into a sliding glass door which broke and fell on her. She was at the time of the injury a social guest in the owner's home. She brought her suit against the owners, the architect who designed the house, the builder of the house, and the seller of the house. The appellees who were dismissed from the action are: (1) Milton C. Harry, the architect, (2) F & R Builders, Inc., the builders, (3) F & R Home Building Corp., the sellers. We hold the complaint was fatally defective as to each appellee and will discuss the allegations of the complaint as to each appellee.
The allegations of the complaint as to the liability of the architect are: (1) he is a registered architect; (2) he holds himself out as skilled and knowledgeable; (3) he designed and specified the materials for the residence in which appellant was injured; (4) he was careless in that his design and specifications did not provide for decals or markings on the door; (5) he did not specify tempered or "breakaway" type glass for the door. The liability to members of the public of a professional *155 architect who provides plans to an owner is ordinarily limited to injuries which result from the architect's failure to comply with recognized standards of good practice in his profession in the same locality at the same time. Paxton v. Alameda County, 119 Cal. App.2d 393, 259 P.2d 934 (1953); Covil v. Robert & Co. Associates, 112 Ga. App. 163, 144 S.E.2d 450 (1965); Nauman v. Harold K. Beecher & Associates, 24 Utah 2d 172, 467 P.2d 610 (1970).
We conclude that the complaint was fatally defective as to the architect because it affirmatively appears that there was no causal connection between the duty owed the public and the injury. Cf. Mai Kai, Inc. v. Colucci, Fla. 1967, 205 So.2d 291.
The allegations of the complaint as to the contractor are:
* * * * * *
"(b) Defendant `Contractor' was careless and negligent in furnishing said residence for sale to, and use by, members of the public, in a condition and state whereby said transparent sliding glass panel doors were not marked with decals or otherwise and were not of the tempered plateglass or `break-away' type whereby injuries to those persons accidentally walking or running into them would be eliminated or minimized; and further said `Contractor' negligently failed to install sliding doors of a type and so constructed that they would not fall out of place and allow the glass therein to break when a person accidentally bumped into said doors."
This allegation must be read together with the allegation that the minor appellant "ran into said closed door which broke and fell on her." It is further clear from the complaint that the builder had completed his work and delivered it to the owner.
In Calvera v. Green Springs, Inc., Fla. App. 1960, 220 So.2d 414, this court reversed the dismissal of a complaint which alleged that a builder had created an inherently dangerous condition by failing to attach or adequately support a planter which fell upon and crushed a child. The injury occurred after the builder had completed his work and delivered the house to the owners. Upon petition for certiorari the Supreme Court quashed a portion of the opinion referring to a cause of action for attractive nuisance and approved the remaining portions. Green Springs, Inc. v. Calvera, Fla. 1970, 239 So.2d 264. In so doing the court pointed out:
"The District Court states that `one who owns real property which is being developed by the construction of homes for resale has a nondelegable duty to see that the residence is so constructed as to be reasonably free from dangerous latent defects which will cause harm to those who foreseeably will come onto the property after the construction has been completed and the property resold.' 220 So.2d at 416. This should not be taken as imposing liability without fault, which is negated by Slavin[1] and Mai Kai.[2] Rather is it to be taken as a reaffirmation of the doctrine of those cases, extending liability for negligence to cases in which the property has been sold." (Footnotes added)
It is clear from the cases cited that in order to extend the liability of a contractor to others than those with whom he contracted it is necessary that the facts alleged show (1) a dangerous latent defect for which the contractor is responsible and (2) negligence of the contractor in failing to discover and remedy the latent defect. Appellants' allegations in the instant case show that the charge against the contractor is simply that he did not construct the residence to a standard of safety that appellants *156 would impose. It affirmatively appears that no negligence is involved.
The allegations of the complaint as to the seller of the home are almost the same as those quoted for the contractor. Appellants suggest that the facts show that: "Defendant `Seller' was careless and negligent and breached its implied warranty of fitness for purpose in selling said residence * * *." The complaint failed to allege a cause of action in negligence for the reasons set forth above in discussing the liability of the contractor. In addition there is no action for breach of warranty under the facts of this case. Cf. Leveridge v. Lapidus, Fla.App. 1958, 105 So.2d 207.
Affirmed.
NOTES
[1] Slavin v. Kay, Fla. 1958, 108 So.2d 462.
[2] Mai Kai, Inc. v. Colucci, Fla. 1967, 205 (Fla. 1955).