HENDRY, Judge.
The instant interlocutory appeals are related to the tort suit discussed in Calvera v. Green Springs, Inc., Fla.App.1969, 220 So.2d 414, affirmed in part and reversed in part, Fla.1970, 239 So.2d 264.
Appellants, Ruddy Construction Co. (the building contractor and installer of the planter) and Cutler Ridge Corporation (the designer-manufacturer of the planter), filed separate interlocutory appeals to review the “Order Granting Motion to Vacate and Reinstating Cross-Claims,” dated February 5, 1971. The interlocutory appeals were consolidated by order of this court.
The relevant facts have been abbreviated, but are generally as follows: On October 21, 1964, Green Springs, Inc. (the housing developer) cross-claimed against Ruddy Construction Co., seeking indemnity on a passive-active tortfeasor theory. Green Springs, Inc. stipulated to the entry of an agreed order, dated March 7, 1968, dismissing with prejudice its claims against Ruddy Construction Co. Also on March 7, 1968, another order was entered which granted a summary judgment in favor of appellant Cutler Ridge as to Green Springs’ cross-claim against Cutler Ridge. Later, Green Springs, Inc. filed a motion pursuant to Rule 1.540(b) (5),[1] Florida *93 Rules of Civil Procedure, 31 F.S.A., which resulted in the order (dated February 5, 1971), herein appealed which vacated the two March 7, 1968 orders. The motion to vacate was predicated upon two grounds: (1) the two orders dated March 7, 1968, which dismissed Green Springs’ cross-claims against Cutler Ridge and Ruddy Construction Co. were based upon a judgment or decree subsequently reversed, or (2) it was not longer equitable for the two March 7, 1968 orders to have prospective application. Both of these grounds appear in subsection (b) (5) of Rule 1.540; see note [1] supra.
The appellants contend that under Rule 1.540(b) (5), the record herein does not present a sufficient basis for reinstatement of the cross-claims. That is, not only are there no exceptional circumstances authorizing relief under the rule, but the movant, Green Springs, will not be entitled to recover in any event because its cross-claims are insufficient as a matter of law.
To begin with, an interlocutory appeal is the proper means to review an order granting a motion to vacate and reinstating cross-claims. Odum v. Morning-star, Fla.App.1963, 158 So.2d 776, 778; Frank v. Amara, Fla.App.1970, 235 So.2d 537, 538.
The general principles governing the motion to vacate under Rule 1.540 include the rule that the motion is addressed to the sound judicial discretion of the trial court. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849, 852-853. The general purpose of the rule is to enable the court to grant relief against an unjust decree, and should be liberally construed to advance such remedy. Odum v. Morning-star, supra. Relief under the rule is typically available only under extraordinary circumstances. See generally: Florida Bar, Florida Civil Practice Before Trial (2nd ed., 1969) §§ 18.13-18.14, pp. 18.10-18.12. Moreover, a meritorious defense must be presented or pleaded to warrant relief under Rule 1.540. North Shore Hospital, Inc. v. Barber, supra, 143 So.2d at p. 852.
The case sub judice does not present such exceptional circumstances warranting relief under a clause of Rule 1.540(b) (5) which relates to a prior judgment which is later vacated. Green Springs, the appellee, argues that the order dismissing the fourth-amended complaint, dated September 7, 1966, naturally resulted in other orders which culminated in the orders of March 7, 1968, which dismissed the cross-claims, and since the prior order of September 7, 1966 was then ultimately reversed and vacated, Fla.App.1969, 220 So. 2d 414 and Fla. 1970, 239 So.2d 264, Green Springs was thereby prejudiced. However, the September 7, 1966 order was not the predicate for the order dismissing the cross-claims because: (a) there was too great a delay in time for the September 7, 1966 order to be the predicate for the March 7, 1968 orders; and (b) on December 7, 1967, about fifteen months after the September 7, 1966 order granting the motion to dismiss the complaint Green Springs sought a summary judgment on its cross-claim. Thus, there is an insufficient basis upon which to grant the motion to vacate upon Green Springs’ first ground.
The second ground of the motion to vacate was the alleged inequitable prospective application of the summary judgment and the final judgment dismissing the cross-claim with prejudice. We express the view that such judgment does not have an inequitable prospective effect for the reason that the cross-claim is insufficient as a matter of law.
The cross-claims are insufficient as a matter of law because both Ruddy Construction Co., Inc. and Cutler Ridge Construction Corp. have been absolved of active or passive negligence as respects the Calveras, plaintiffs in the underlying tort litigation. A final judgment was entered, dated September 28, 1967, pursuant to a directed verdict and jury verdict in favor of Ruddy Construction Co., Inc. and Cutler Ridge Construction Corp. and against the Calveras. Therefore, upon principles of *94 res judicata or collateral estoppel, the Cal-veras are estopped to assert any alleged negligence on the part of Cutler Ridge Construction Corp. as a predicate to the liability of another, such as Green Springs. Accordingly, Green Springs would have no cause of action for indemnification against Cutler Ridge based upon alleged negligence of Cutler Ridge. The same reasoning would apply equally to Ruddy Construction Co., Inc. The American Law Institute in the Restatement of the Law of Judgments (1942), § 96, p. 472 et seq. has stated that:
“§ 96. Successive Action Against Tort-feasors Where Duty of Indemnity
“(1) Where two persons are both responsible for a tortious act, but one of them, the indemnitee, if required to pay damages for the tort, would be entitled to indemnity from the other, the indem-nitor, and the injured person brings an action against the indemnitor because of such act, a valid judgment
“(a) for the defendant on the merits for reasons not personal to the defendant terminates the cause of action against the indemnitee
* * * * * *
Therefore, for the reasons stated, the judgment is reversed with directions that the orders dated March 7, 1968 be reinstated.
Reversed with directions.

. Rule 1.540(b) (5) provides: “(b) Mistakes, Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: * * • (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is hosed has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. * * * ” (Emphasis supplied.) Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. is its counterpart.