Michel L. WALLS and Carol A. Walls, Appellants,

v.

JACOB NORTH PRINTING CO., INC. and Unisource Worldwide, Inc., Appellees.

No. 99–0259.

Supreme Court of Iowa.

Oct. 11, 2000.

David S. Wiggins of Wiggins & Anderson, P.C., West Des Moines, for appellants.

Frank A. Comito and Kent A. Gummert of Gaudineer & Comito, L.L.P., West Des Moines, for appellee Jacob North Printing Co., Inc.

Henry A. Harmon and Bedora A. Sheronick of Grefe & Sidney, P.L.C., Des Moines, for appellee Unisource Worldwide, Inc.

NEUMAN, Justice.

Plaintiff Michel Walls brought this tort action against defendants, Jacob North Printing Co., Inc. and Unisource Worldwide, Inc., on the theory someone employed by the defendants moved and then negligently replaced a ladder which gave way when Walls later tried to descend it.[1] The district court granted defendants' motions for summary judgment, finding the record—viewed in the light most favorable to the plaintiff—could at best prompt the jury to speculate as to who that "someone" was. On Walls' appeal, a panel of our court of appeals (with one judge dissenting) disagreed with the district court and remanded for trial. We granted further review and, now, vacate the court of appeals' decision and affirm the district court.

▉ I. Because this case reaches us on appeal from a summary judgment ruling, our task is to review the record made before the district court to determine whether a genuine issue of material fact is in dispute and, if not, whether the district court correctly applied the law. *General Car & Truck Leasing Sys., Inc. v. Lane & Waterman*, 557 N.W.2d 274, 276 (Iowa 1996). In making that assessment, we view the evidence in the light most favorable to the plaintiff, giving him the benefit of every legitimate inference the evidence will bear. *Richardson v. Commodore, Inc.*, 599 N.W.2d 693, 696 (Iowa 1999). Negligence cases, which are customarily fact-driven, do not generally lend themselves to resolution by way of summary judgment. *Schermer v. Muller*, 380 N.W.2d 684, 687 (Iowa 1986). But the proof in any case must be such that the fact finder is not left to speculate about who the negligent culprit is. *Id.; accord Gerst v. Marshall*, 549 N.W.2d 810, 818 (Iowa 1996). We are convinced this is such a case.

II. The record before us consists of the deposition testimony of all the known eyewitnesses to the accident as well as the observations of others who appeared immediately on the scene. Viewed most favorably to Walls, that record reveals the following facts. Michel Walls is a roofer who was replacing downspouts and gutters on a commercial building leased by defendant Jacob North Printing. To obtain access to the roof, Walls' co-employees erected an extension ladder. They secured the ladder in place using an orange outdoor-type electrical extension cord wrapped several times around a nearby chimney. The cord was tied off on one of the top rungs of the ladder. So situated, the ladder partially obstructed the printing company's garage door.

On the morning of the accident in question, Walls and his two co-employees, Craig Dawson and Steve Ratcliff, negotiated the ladder several times without incident. Sometime mid-morning, defendant Unisource made a delivery of 2500 pounds of paper to the printing company. Ratcliff and Dawson were summoned to move their pick-ups from the adjoining alley so the Unisource truck could park. They climbed down the ladder without difficulty.

After returning to the roof, Dawson observed Jacob North employees bring a small forklift out of the garage to pick up the pallet of paper. He then overheard a conversation in the alley about moving the ladder to get the shipment in the garage door. Dawson could not identify the voices. Shortly thereafter he saw the top of the ladder "slant a little bit." He did not relay this observation to Walls or Ratcliff, figuring anyone who would move the ladder would move it back.

Later in the morning, after the Unisource truck had left, Walls attempted to descend the ladder carrying a ten-foot length of gutter pipe over his shoulder. He placed one foot on the first rung and began to swing his other leg around when,

1. Walls' wife, Carol, also asserted a loss-of-consortium claim. For reasons of simplicity, however, we treat the case as involving only one plaintiff, Michel Walls.

in his words, "all of a sudden the ladder wasn't there. You know, it just left me." He fell roughly fifteen feet to the ground, severely injuring his left leg. After Walls' fall, Ratcliff observed that the ladder was "leaning over to the side of the building at like an angle."

Walls sued the defendants on theories of negligence and premises liability. His petition claimed that the conduct of the defendants' employees, in moving the extension ladder and then improperly replacing it, "created an unsafe condition and constituted negligence or fault."

**III.** The question is whether the facts, sketched above, are sufficient to overcome the defendants' motions for summary judgment. The district court did not think so. In its words, "[t]he connection from a conversation amongst unidentified individuals to the ultimate fact of consequence, the negligent replacement of the ladder by the Defendants, is too attenuated for the latter to be inferred from the former without lapsing into speculation." We agree.

It is elementary that in order to prove a prima facie case of negligence, the plaintiff must establish that the defendant owed him a duty of care, defendant breached that duty, defendant's breach was the actual and proximate cause of plaintiff's injuries, and plaintiff suffered damages. *Hartig v. Francois*, 562 N.W.2d 427, 429 (Iowa 1997) (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 30, at 164–65 (5th ed.1984)). The second and third elements are at issue here. Taking the easier element first—causation in fact—the plaintiff must establish that but for a defendant's negligence, the plaintiff's injury would not have occurred. *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999). Direct and circumstantial evidence are equally probative on this point. *Beck v. Fleener*, 376 N.W.2d 594, 597 (Iowa 1985). The district court found, and we agree, that plaintiff's circumstantial proof—considered in its most favorable light—tends to show that someone in the alley de-stabilized the lad-

der without warning the roofers, and Walls was injured as a result.

The more troublesome element is the second one—breach of duty by a defendant. Plaintiff must establish that his injuries were proximately caused by the negligence of an identified defendant. *Oberreuter v. Orion Indus., Inc.*, 398 N.W.2d 206, 209 (Iowa App.1986). In other words, an identified defendant must—alone or in concert with others—be connected to the tortious act. *Compare Schermer*, 380 N.W.2d at 689 (evidence sufficient for summary judgment purposes to connect two defendant-drivers with injuries sustained by plaintiff in three-car collision), *with Oberreuter*, 398 N.W.2d at 209 (evidence insufficient to establish that one of several possible antenna manufacturers provided the defective antenna that allegedly caused plaintiff's injuries).

Here Walls has sued two corporate defendants, claiming that their agents and/or employees committed the tortious act. The problem is that the record is devoid of either direct or circumstantial proof identifying which one or more of the several persons in the alley *talked about* moving the ladder, let alone proof that one of those unidentified persons actually *moved* the ladder *and replaced it* without exercising due care.

Plaintiff claims his identification need not be so specific because persons committing tortious acts in concert may be held individually liable for the resulting harm. *See generally* Restatement (Second) of Torts § 876, at 315 (1965). Crucial to proof of concerted action, however, is proof that the parties acted "in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result." *Id.* cmt. *a.* The record before us contains no proof that the defendants' employees or agents cooperated in any way. It might have been only Jacob North employees that Dawson overheard. Or the Unisource driver might have been

in on the conversation. Under this record, resolution of the consequential fact—who, if anyone, individually committed the tortious act or conspired .with others to do so—could only be achieved by guesswork.[2]

 It is axiomatic that "inferences can assist in establishing a basic fact, but they cannot in and of themselves create evidence." *In re Estate of Kerndt*, 251 Iowa 963, 968, 103 N.W.2d 733, 736 (1960). Plaintiff's case against these defendants fails because a fact finder would first have to infer that, but for action connected to the delivery and receipt of goods in the alley, the ladder would not have been destabilized. Then the fact finder would have to infer that the movement of the ladder was not an individual decision by the Unisource driver or the Jacob North employees but a concerted action involving both parties. The record simply cannot be stretched that far without rank speculation. The district court was correct in so finding.

 IV. Plaintiff's case against these defendants based on premises liability fails for the same reason. The record fails to furnish more than speculation about which defendant's employees, if any, created a dangerous condition on the land that resulted in harm to Jacob North's invitee, Michel Walls. *Cf. Coleman v. Monson*, 522 N.W.2d 91, 93 (Iowa App.1994) (occupier of land under duty of reasonable care to keep premises in a reasonably safe condition for business invitees); Restatement (Second) of Torts § 383, at 287. Accordingly, we vacate the contrary decision of the court of appeals and affirm the judgment of the district court.

2. Contrary to plaintiff's suggestion on further review, this is not a res ipsa loquitur-type case which permits an inference that one or both of the defendants were negligent and shifts the burden to them to prove *lack* of negligence on their parts. *Cf. Brewster v. United States*, 542 N.W.2d 524, 530–31 (Iowa 1996); Restatement (Second) of Torts § 433B(3), at 441. Clearly the ladder was not within the

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

All justices concur except LAVORATO, J., who takes no part.

exclusive control of these defendants. Substantial evidence in the summary judgment record suggests that one of plaintiff's co-workers—not these defendants—was responsible for the ladder's unstable condition prior to Walls' fall. We are merely ignoring that evidence for purposes of considering the record in the light most favorable to plaintiff, as we are required to do.