Roger WELTZIN, Arnold L. Noe, and Roland W. Riensche, for Themselves and All Other Shareholders of La Porte City Cooperative Elevators, Appellants,

v.

COBANK, ACB, and Kenneth D. Grant, Appellees.

No. 99–0691.

Supreme Court of Iowa.

Sept. 6, 2001.

Boyd J. Milroy of Milroy, Eckhart & Thompson, Vinton, for appellants.

Joseph M. Barron and John M. Wharton of Peddicord, Wharton, Spencer & Hook, P.C., Des Moines, for appellees.

CARTER, Justice.

Roger Weltzin, Arnold L. Noe, and Roland W. Riensche, for themselves and other shareholders of the La Porte City Cooperative Elevator (Coop), who have sued as a class, appeal from an adverse summary judgment in their action against Cobank, ACB (Cobank), a federally chartered lending institution, and Kenneth D. Grant, a loan officer of Cobank. The shareholder class had alleged that the defendants were negligent and breached their fiduciary duty in business transactions with the Coop. The district court granted summary judgment to defendants on the ground that they owed no duty to the Coop with respect to the alleged acts of misfeasance and nonfeasance. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Plaintiffs are former shareholders of the Coop. The defendants are Cobank, ACB and Kenneth D. Grant, Cobank's assistant vice-president. Cobank provided financing to the Coop during the time period relevant to this appeal. Mr. Grant was the loan officer responsible for dealing with the Coop.

The record on the summary judgment motion discloses the following undisputed facts. Defendants entered into a master loan agreement with the Coop on July 6, 1995. In a letter dated July 29, 1996, from Grant to the Coop, he explained that Cobank needed to address the Coop's failure to comply with loan covenants pertaining to fixed asset purchases and working capital. He stated that Cobank had waived its right to accelerate the Coop's current repayment schedule based on a review of the Coop's overall financial position. Grant shared his concerns about the Coop's financial position with the Coop's manager, Michael Nail, and the Coop's directors. Grant discussed the Coop's lack of profitability and inability to service term debt. He offered an opportunity to rebuild the Coop's working capital through a term revolver loan. The Coop entered into such a loan agreement with Cobank.

In late 1996 and continuing into early 1997, Nail engaged in a series of speculative trades on the Chicago Board of Trade on the Coop's behalf. The trades, which left the Coop in desperate financial condition, violated the Coop's grain merchandising risk management policy. Based in part on the advice of Grant and Cobank, the Coop elected to sell its assets to East Central Iowa Cooperative. Plaintiffs commenced this shareholders-derivative action against these defendants and against Nail and several former directors and officers.[1]

## I. *Standard of Review.*

This court reviews a district court's ruling on a motion for summary judgment for correction of errors at law. Iowa R.App. P. 4; *Crippen v. City of Cedar Rapids*, 618 N.W.2d 562, 565 (Iowa 2000); *Keokuk Junction Ry. v. IES Indus., Inc.*, 618 N.W.2d 352, 355 (Iowa 2000). This "court will affirm if the entire record including pleadings, discovery, and affidavits on file show there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." *Keokuk*

---

1. Plaintiffs' claim against the Coop's directors and officers was recently addressed by this court in a separate action in *Weltzin v. Nail,* 618 N.W.2d 293 (Iowa 2000). This court affirmed the district court's decision, finding that a right to a jury trial did not attach to this action in equity. *Weltzin,* 618 N.W.2d at 302–03. This court remanded the case to the district court for further proceedings on those claims. *Id.* at 303.

*Junction Ry.,* 618 N.W.2d at 355 (citing Iowa R. Civ. P. 237(c)). "A genuine issue of material fact is lacking when a reasonable jury or judge could conclude that no evidence entitles the nonmoving party to relief." *Id.* (citing *Baratta v. Polk County Health Servs., Inc.,* 588 N.W.2d 107, 109 (Iowa 1999)). This court reviews the entire record in the light most favorable to the nonmoving party. *Crippen,* 618 N.W.2d at 565.

## II. *Whether the District Court Properly Followed Applicable Rules of Law in Considering Defendants' Motion For Summary Judgment.*

A. *Arguments.* Plaintiffs assert that the district court did not view the record in the light most favorable to plaintiffs. They contend that the district court either disregarded all of the portions of the record which indicated that a relationship of trust or confidence existed between the Coop and defendants or the court inappropriately weighed the evidence. Plaintiffs argue that the court entirely ignored the affidavit from plaintiffs' expert. Lastly, plaintiffs claim that the court erred because it did not dispose of each ground raised by defendants' motion and plaintiffs' resistance by separate ruling.

Defendants contend that the district court correctly granted its motion for summary judgment because the evidence is insufficient, as a matter of law, to establish any fiduciary relationship between the Coop and defendants. Defendants assert that plaintiffs failed to show that anything defendants did or failed to do constituted negligence.

■ B. *Analysis.* It does not appear that the district court violated applicable rules of law in ruling on defendants' motion for summary judgment. Whether defendants owed fiduciary duties or other duties under tort or contract law to the Coop are issues that can be properly resolved through summary judgment. This court has acknowledged that negligence cases, which are generally fact-driven, are not commonly resolved through summary judgment. *Walls v. Jacob North Printing Co.,* 618 N.W.2d 282, 284 (Iowa 2000). However, this court stated that "[w]hether a particular duty arises out of the parties' relationships is a matter of law properly resolved in a summary judgment proceeding." *Garofalo v. Lambda Chi Alpha Fraternity,* 616 N.W.2d 647, 649 (Iowa 2000); *see also Teunissen v. Orkin Exterminating Co.,* 484 N.W.2d 589, 591 (Iowa 1992).

The order granting summary judgment addresses the requisite elements for granting such a motion. The court specifically identified defendants' grounds for summary judgment. The court acknowledged plaintiffs' statement of disputed facts and explained that it had considered the evidence in the light most favorable to plaintiffs. The court concluded that defendants were entitled to judgment as a matter of law because "the facts are insufficient to support a legal conclusion that defendants Cobank, ACB and Kenneth D. Grant have a duty to the plaintiffs under theories of contract, tort or breach of fiduciary duty."

Plaintiffs claim that the court erred because it did not expressly state that there were no genuine issues of material fact. Although the court is required to make this determination, it is not required to specifically state that it did so in the actual order. The court stated in its order that it considered the evidence in the light most favorable to plaintiffs before reaching the conclusion that the facts were insufficient to support plaintiffs' claims.

Plaintiffs rely on Iowa Rule of Civil Procedure 113 and case law in arguing that the district court erred in its summary judgment ruling because it did not dispose

of each ground raised in defendants' motion and plaintiffs' resistance. Rule 113, entitled "Specific rulings required," provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally." Iowa R. Civ. P. 113. Plaintiffs further rely on this court's explanation of the requirements for a summary judgment ruling provided in *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637 (Iowa 1978). This court explained, "The court will consider each alleged ground for summary judgment, and in accord with rule 118, dispose of each ground by separate ruling." [2] *Id.* at 641. We are not persuaded that the district court failed to follow applicable rules of law in addressing defendants' summary judgment motion.

### III. *Whether the District Court Erred in Determining That Defendants Did Not Owe Fiduciary Duties to Plaintiffs.*

A. *Arguments.* Plaintiffs argue that a relationship of trust or confidence or a fiduciary relationship existed between defendants and the Coop. They claim that defendants breached their fiduciary duties to plaintiffs by failing to disclose to the Coop's directors the implications associated with borrowing from defendants and for failing to disclose defendants' knowledge of the mismanagement of the Coop. They also claim that defendants breached their fiduciary duty to plaintiffs by interfering with the business of the Coop by encouraging the Coop to merge with East Central Iowa Cooperative. Plaintiffs argue that they disagree with defendants about the facts related to whether there was a fiduciary relationship.

Defendants argue that its transactions with the Coop did not give rise to a fiduciary relationship. Defendants assert that imposing fiduciary duties in this situation goes beyond the banker-borrower relationship it had with the Coop and improperly implies that defendants were obligated to police the internal operations of the Coop.

B. *Analysis.*

1. *Components of fiduciary relationships.* Plaintiffs are accurate in identifying several jurisdictions that have recognized that a fiduciary relationship or relationship of trust or confidence may exist between a bank and borrower. This court, as well as the Iowa Court of Appeals, has also recognized that fiduciary relationships may exist between banks and borrowers. *See, e.g., Engstrand v. West Des Moines State Bank*, 516 N.W.2d 797 (Iowa 1994); *Sinnard v. Roach*, 414 N.W.2d 100 (Iowa 1987); *Kurth v. Van Horn*, 380 N.W.2d 693 (Iowa 1986); *Irons v. Cmty. State Bank*, 461 N.W.2d 849 (Iowa Ct.App.1990). However, this court has made clear that fiduciary duties are not automatically implicated in a banker-borrower relationship. *Engstrand*, 516 N.W.2d at 799; *Kurth*, 380 N.W.2d at 696–98. This court stressed that determining whether this type of fiduciary relationship exists requires evaluation of the particular facts and circumstances involved in each case. *Kurth*, 380 N.W.2d at 696.

In *Kurth* this court was confronted with the issue whether a fiduciary relationship existed between a bank and an individual who cosigned a note for another and secured the note with a mortgage on his farmland. 380 N.W.2d at 694. This court

---

2. In 1998 Iowa Rule of Civil Procedure 118 was redesignated as rule 113. *See* Iowa R. Civ. P. 113.

analyzed the components of fiduciary relationships. *Id.* at 695–96. Relying on Restatement (Second) of Torts commentary, this court explained that "[a] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* at 695 (citing Restatement (Second) of Torts § 874 cmt. a, at 300 (1979)). This court also provided the following alternate definition of fiduciary relationship:

A very broad term embracing both technical fiduciary relations and those informal relations which exist wherever one man trusts in or relies upon another. One founded on trust or confidence reposed by one person in the integrity and fidelity of another. A "fiduciary relation" arises whenever confidence is reposed on one side, and domination and influence result on the other; the relation can be legal, social, domestic, or merely personal. Such relationship exists when there is a reposing of faith, confidence and trust, and the placing of reliance by one upon the judgment and advice of another.

*Id.* at 695 (citing Black's Law Dictionary 564 (5th ed.1979) (citations omitted)). Factors indicating that a fiduciary relationship may exist "include the acting of one person for another; the having and the exercising of influence over one person by another; the reposing of confidence by one person in another; the dominance of one person by another; the inequality of the parties; and the dependence of one person upon another." *Id.* (citing *First Bank of Wakeeney v. Moden,* 235 Kan. 260, 681 P.2d 11, 13 (1984) (per curiam)).

■ 2. *Whether Cobank was in a fiduciary relationship with the Coop with respect to the alleged misfeasance and nonfeasance.* The allegations of the petition directed at Cobank and Grant allege that they were negligent and breached a fiduciary duty in failing to act to (a) analyze the records received from the Coop, (b) note discrepancies regarding grain transactions in the Coop's quarterly reports, (c) seek additional financial information that was required to evaluate the Coop's financial condition, and (d) notify the officers and directors of the Coop of its true financial situation. In addition to these acts of omission, it was alleged that Cobank and Grant improperly pressured and influenced the Coop to sell its assets to East Central Iowa Cooperative. In analyzing the legal relationships that existed between Cobank and the Coop, we are convinced that the relationship was that of debtor and creditor.

In *Globe Motor Car v. First Fidelity,* 273 N.J.Super. 388, 641 A.2d 1136 (1993), a depositor alleged its bank was negligent in failing to manage, supervise, and control its business and financial practices. The court rejected that claim, finding that the plaintiff's claim presumed a fiduciary relationship typically not found between a bank and its customers. *Globe Motor Car,* 641 A.2d at 1138. The court determined that imposing a duty on a lender to manage, supervise, and control its depositor's business affairs would be unreasonable and untenable. *Id.* A similar claim of fiduciary duty between a bank and its customer was rejected in *Martinez v. Associates Financial Services,* 891 P.2d 785, 788 (Wyo.1995). Although the cited cases involved a relationship between a bank and its depositor, we believe that, in a borrower-lender context, similar principles will prevail as to matters outside of the actual servicing of the loan.

Because we have concluded that no fiduciary relationship exists, plaintiffs' claims of nonfeasance are subject to the rules stated in Restatement (Second) of Torts § 315 (1965), which declare that absent

some special relationship there is no duty to control the conduct of a third person so as to prevent that person from causing harm to another. We have applied this principle from the Restatement in *Fitzpatrick v. State*, 439 N.W.2d 663, 667 (Iowa 1989); *Hildenbrand v. Cox*, 369 N.W.2d 411, 415 (Iowa 1985); *Smith v. State*, 324 N.W.2d 299, 301–02 (Iowa 1982). The harm that befell the Coop came about from the acts of its manager, Nail. Neither Cobank nor Grant were obligated to protect the Coop against his misfeasance. The affidavit of plaintiffs' so-called expert witness does not dissuade us from this view.

The claims that we have considered up to this point all involve an alleged failure to act by Cobank and Grant. One of plaintiffs' allegations asserts a positive misfeasance on their part. That is the allegation that they unduly pressured and influenced the Coop to sell its assets to East Central Iowa Cooperative. In reviewing the grant of summary judgment as to that allegation, we may not uphold the district court on the basis of an absence of fiduciary duty. Even if Cobank and Grant were not in a fiduciary relationship with the Coop, they were under a duty not to exert improper pressure to compel the Coop's directors to take a position that its officers and directors did not favor. As to this allegation, the motion for summary judgment must be determined under the principles explained in *Griglione v. Martin*, 525 N.W.2d 810 (Iowa 1994).

■ In *Griglione* we stated that to obtain a grant of summary judgment on some issue in an action the moving party must either affirmatively establish the existence of undisputed facts entitling that party to a particular result or establish by means of appropriate discovery devices

that the sum of the evidence available to the nonmoving party is legally insufficient to support the claim made. 525 N.W.2d at 813. Judged by this standard, we conclude that the grant of summary judgment on the claim of active misfeasance was also proper. It is impossible to conclude from a review of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that the decision to sell the assets of the Coop to East Central Iowa Cooperative was other than a voluntary act prompted by the Coop's dire financial straits that resulted from Nail's speculative ventures.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

AFFIRMED.

SNELL, S.J.,* participates in lieu of STREIT, J., who takes no part.

---

* Senior Judge assigned by order pursuant to Iowa Code section 602 .9206 (2001).