Ron VIRDEN, Appellant,

v.

BETTS AND BEER CONSTRUCTION
CO., INC. and Stroh Corporation,
Appellees.

No. 01–0596.

Supreme Court of Iowa.

Jan. 23, 2003.

Channing L. Dutton of Lawyer, Lawyer, Dutton & Drake, L.L.P., West Des Moines, for appellant.

Gregory A. Witke and Matthew J. Haindfield of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee Betts and Beer Construction Co., Inc.

Richard K. Updegraff and Brian P. Rickert of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, for appellee Stroh Corporation.

NEUMAN, Justice.

Plaintiff, Ron Virden, worked in the maintenance department of Indianola High School. On the first day of school in 1997, Virden's supervisor asked him to reinstall an angle iron that had fallen from the ceiling of the school's new wrestling room. As Virden was bolting the angle iron into place, he fell from the top of the ten-foot ladder on which he was standing. He sustained severe injuries to his left leg, requiring several surgeries.

Virden sued the contractors, defendants Betts & Beer Construction and Stroh Corporation, who earlier in the year had installed the wrestling room ceiling. Over Virden's objection, the district court granted these defendants summary judgment. It held their negligence, if any, was not the proximate cause of Virden's injuries. Virden appealed and the court of appeals reversed. We granted further review and, now, vacate the court of appeals decision and affirm the judgment of the district court.

## I. Scope of Review/Issue on Appeal.

Because this case reaches us on appeal from a summary judgment ruling, our task is to determine whether the record made before the district court demonstrates "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981. We are obliged to "view the evidence in the light

most favorable to the plaintiff, giving him the benefit of every legitimate inference the evidence will bear." *Walls v. Jacob North Printing Co.,* 618 N.W.2d 282, 284 (Iowa 2000).

█ While negligence cases do not ordinarily lend themselves to summary adjudication, *see id.,* summary judgment may be rendered when the material facts fail to show a causal link between the negligence and the injury. *See Ruden v. Jenk,* 543 N.W.2d 605, 612 (Iowa 1996). Issues of proximate cause, like negligence, are generally for the jury to resolve. Iowa R.App. P. 6.14(6)(j); *Hollingsworth v. Schminkey,* 553 N.W.2d 591, 597 (Iowa 1996). They may, however, be decided as a matter of law in an exceptional case. Iowa R.App. P. 6.14(6)(j); *Hollingsworth,* 553 N.W.2d at 597. We have observed that an exceptional case

> is one in which after construing the evidence in its most favorable light and resolving all doubts in favor of the party seeking to establish proximate cause, the relationship between cause and effect nonetheless is so apparent and so unrelated to defendant's conduct that no reasonable jury could conclude defendant's fault was a proximate cause of plaintiff's injuries.

*Johnson v. Junkmann,* 395 N.W.2d 862, 865–66 (Iowa 1986). The question is whether this is such an exceptional case. For the reasons that follow, we think that it is.

## II. Analysis.

█ To sustain his tort claim against these defendants, Virden would have to prove that the defendants owed him a duty of care, they breached that duty, their breach was the actual and proximate cause of Virden's injuries, and he suffered damages. *Walls,* 618 N.W.2d at 285. Virden's petition claimed that defendants' failure to "properly assemble, install and/or inspect the roof system" required Virden to "put himself at risk to re-install the angle iron," leading to his fall from the ladder.

The summary judgment record makes plain that neither Virden nor his employer contacted the defendants about the fallen angle iron before attempting to effect repairs. Virden also concedes that he sought no help in positioning or securing the ladder, even though several pieces of weight-lifting equipment hampered clear access to the repair site. With this record in mind, we turn to the disputed elements of Virden's claim: duty and causation.

█ *A. Duty.* Although the defendants argue as a general proposition that they owed no duty of care to Virden, they are unable to defend the district court's ruling on that ground. It is generally held that

> a building or construction contractor is liable for injuries to, or the death of, third persons occurring after the completion of his work and its acceptance by the contractee, where the work is reasonably certain to endanger third persons if negligently prepared or constructed.

*Thompson v. Burke Eng'g Sales Co.,* 252 Iowa 146, 155, 106 N.W.2d 351, 356 (1960). This rule rests on fundamental principles:

> [T]he law imposes upon every person who undertakes the performance of an act which, it is apparent, if not done carefully will be dangerous to other persons or the property of other persons the duty to exercise his senses and intelligence to avoid injury, and any such person may be held accountable at law for an injury to person or to property which is directly attributable to a breach of such duty.

57A Am.Jur.2d *Negligence* § 96, at 150 (1989).

The angle iron that fell from the ceiling of the wrestling room was six feet in length and weighed roughly ten pounds. It can hardly be disputed that lack of due care in welding the angle iron in place would put the foreseeable occupants of the room at considerable risk of injury. In other words, the defendants had a duty to Virden, and others using the room, to construct a ceiling that did not fall apart and injure someone. *See Thompson,* 252 Iowa at 149, 106 N.W.2d at 353 (common experience teaches that ceilings do not fall in the absence of negligence).

Virden did not suffer, however, from being hit by the angle iron or tripping over it once it fell from the ceiling. In his words, he was injured when the ladder he stood on to replace the fallen hardware "suddenly kicked out from under [him] and [he] fell." That brings us to the crux of the case.

**B. Causation.** Defendants' breach of their duty of care only constitutes actionable negligence if it is "also the proximate cause of the injury." *City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.,* 617 N.W.2d 11, 17 (Iowa 2000). There are two components to the proximate-cause inquiry: "(1) the defendant's conduct must have in fact caused the damages; and (2) the policy of the law must require the defendant to be legally responsible for them." *Id.; see also Gerst v. Marshall,* 549 N.W.2d 810, 815 (Iowa 1996).

With respect to the first component, a plaintiff must at a minimum prove that the damages would not have occurred *but for* the defendant's negligence. *City of Cedar Falls,* 617 N.W.2d at 17; *Gerst,* 549 N.W.2d at 817. Here, viewing the facts in the light most favorable to Virden, we assume that but for the faulty weld in the angle iron he would not have been perched precariously upon a ladder attempting to fix it. So, minimally, the but-for test of causation would survive defendants' motion for summary judgment.

The but-for test is not the end of the inquiry, however. Virden must also tender proof that defendants' negligent welding of the angle iron was a *substantial factor* in bringing about his injury. *City of Cedar Falls,* 617 N.W.2d at 17; *Scoggins v. Wal–Mart Stores, Inc.,* 560 N.W.2d 564, 567 (Iowa 1997). *See generally* Restatement (Second) of Torts § 431 cmt. a (1965) (distinguishing between "substantial cause" and cause "in the so-called philosophic sense, which includes every one of the great number of events without which any happening would not have occurred.") This aspect of the proximate-cause inquiry focuses on the "proximity and forseeablility of the harm flowing from the actor's conduct." *City of Cedar Falls,* 617 N.W.2d at 17.

We have observed that the line between "what is sufficiently proximate and what is too remote is often a thin one." *Hollingsworth,* 553 N.W.2d at 597. We recently drew the line this way:

> An injury that is the *natural* and *probable* consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen or reasonably anticipated as the *probable* result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury.

*Scoggins,* 560 N.W.2d at 568–69 (quoting *Fly v. Cannon,* 836 S.W.2d 570, 574 (Tenn. Ct.App.1992) (emphasis added)).

Here, the district court assessed defendants' role in Virden's mishap as remote rather than foreseeable. Its conclusion stemmed from the undisputed fact that the instrumentality causing Virden's injury

was a tipping or collapsing ladder, not a defective angle iron. We agree. The Restatement describes this distinction as the difference between the "negligence problem" and the "cause problem":

> [W]here the negligence of the act consists in its recognizable tendency to subject another to a particular hazard, the actor cannot be subject to liability for any harm occurring otherwise than by the other's exposure to that hazard.

Restatement (Second) of Torts § 430 cmt. a (1965) (citing Restatement (Second) of Torts § 281 cmt. e). Applying this concept to the case before us, we observe that the duty to construct a solid ceiling is not to protect repairmen from perching on tall ladders but to prevent collapsing parts of the ceiling from falling on persons below.

To summarize, the unfortunate outcome of Virden's self-help remedy cannot be said to fall naturally within the scope of the probable risk created by the defendants' failure to properly install the ceiling. Because Virden's fall was not a reasonably foreseeable or probable consequence of *defendants'* negligence, the district court correctly granted judgment in their favor. We therefore vacate the court of appeals' contrary decision and affirm the judgment of the district court.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**