# IN THE COURT OF APPEALS OF IOWA

No. 22-0341
Filed March 8, 2023

**MANATT'S, INC.,**
        Plaintiff-Appellee,

**vs.**

**TANAM REAL ESTATE, LLC and JOSEPH J. MANATT,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.

        A party in a civil action appeals a jury instruction. **REVERSED AND**

**REMANDED.**

        Mark E. Weinhardt and David N. Fautsch of The Weinhardt Law Firm, Des

Moines, for appellants.

        John E. Lande and Bryan P. O'Neill of Dickinson, Mackaman, Tyler &

Hagen, P.C., Des Moines, for appellee.

        Heard by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Joseph Manatt and his wholly owned corporation, Tanam Real Estate, LLC, (collectively "Joe") appeal from a jury verdict in which Joe was found liable for usurping a business opportunity from Manatt's, Inc. (Manatt).[1] He claims the court improperly instructed the jury on the fiduciary duties owed by a minority shareholder in a corporation. Because we determine the challenged instruction to the jury was improper and because Manatt cannot affirmatively establish the jury did not use the improper instruction when it found Joe liable, we reverse and remand for a new trial.

## I.    Background Facts & Proceedings

One claim. Two theories. A general verdict. All three surfaced in the second trial involving a third-generation family-owned corporation. The factual basis for this lawsuit was described in a prior decision by this court. *See Manatt's Inc. v. Tanam Real Est., LLC*, No. 19-0156, 2020 WL 5229173, at *1 (Iowa Ct. App. Sept. 2, 2020). In short, Joe was a previous director and employee of Manatt, a family-owned and operated road construction company. As part of the construction business, the corporation owns a sand mine in Story County. In 2016, the corporation directed Joe to negotiate the purchase of an adjoining piece of land to their existing sand pit, referred to as the Plath parcel. No agreement was reached. Manatt asserts Joe intentionally torpedoed the negotiations to ensure Manatt did not obtain the property.

---

[1] Although the appeal notice identifies both Joe and Tanam Real Estate as appellants, an order entered following a limited remand denied Manatt's motion for a nunc pro tunc order, requesting the addition of Tanam Real Estate in the judgment. The civil judgment is against Joe only.

Relations within the corporation soured. Joe was terminated from his position as an officer, director, and employee of Manatt in December 2016. He remained a minority shareholder.[2] In early 2017, Joe established several limited liability companies, including Tanam Real Estate, to operate in the same type of business as Manatt. He contacted the agent for the seller of the Plath parcel to negotiate its purchase. During the negotiations, Joe first obscured his separation from Manatt. But at the time of the closing, the agent for the Plath parcel was aware of Joe's departure from the family business. Joe contracted to buy the Plath parcel in April and received the deed in June.

Manatt filed suit in July 2017. *See id.* After a jury trial, the jury found Joe violated fiduciary duties owed to Manatt. *Id.* Despite that finding, the jury did not award compensatory damages. *Id.* Manatt moved for a new trial, citing the inconsistency between finding Joe liable but awarding no damages. The court granted the motion. *Id.* Our court upheld the order for a new trial on appeal. *Id.* at *5.

Trial was held again between August 25 and September 2, 2021. Manatt claimed Joe breached a fiduciary duty by purchasing the Plath parcel. Before the case's submission to the jury, Joe objected to jury Instruction No 18, which read:

> Concerning proposition no. 2 of Instruction No. 15,[3] a corporate officer, director, shareholder or employee may not secure a business opportunity that in all fairness should belong to the corporation. If a corporate officer, director, shareholder or employee is presented a business opportunity which the corporation is financially able to undertake, is from its nature in the line of the corporation's business

---

[2] Joe holds about eleven percent of the shares through a trust.
[3] That proposition of the instruction informed the jury that to find in Manatt's favor, they must determine "Joseph Manatt breached a fiduciary duty owed to Manatt's Inc."

and is of practical advantage to it, and is one in which the corporation has an interest or reasonable expectancy, and by embracing the opportunity, the self-interest of the officer, director, shareholder or employee will be brought into conflict with that of the corporation, the law will not permit him to seize the opportunity for himself. Usurping an opportunity which rightfully belongs to the corporation is a breach of fiduciary duty.

The instruction generally informs the jury that an individual with a fiduciary duty to a corporation cannot usurp a corporate opportunity. *See generally Connolly v. Bain*, 484 N.W.2d 207, 212 (Iowa Ct. App. 1992). Joe objected to the inclusion of the term, "shareholder," arguing a minority shareholder does not owe fiduciary duties to the corporation. The court denied the objection to the instruction.

The jury returned a verdict in Manatt's favor, finding Joe breached a fiduciary duty. After initially awarding Manatt $1,200,000, the jury reduced the award to $548,000 after determining Manatt failed to mitigate damages. The jury also awarded $200,000 in punitive damages. Manatt filed a motion for judgment notwithstanding the verdict, seeking to overturn the jury's determination of mitigation of damages. The court granted the motion and Manatt was awarded $1,400,000. Joe appeals.

## II.    Discussion

Joe appeals the district court's inclusion of "shareholder" in Instruction No. 18. "Jury instructions 'must convey the applicable law in such a way that the jury has a clear understanding of the issues it must decide.'" *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 892 (Iowa 2015) (quoting *Thompson v. City of Des Moines*, 564 N.W.2d 839, 846 (Iowa 1997)). We review challenges to jury instructions for correction of errors at law. *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016).

A jury instruction may warrant a new trial for multiple reasons. One such reason is when the "instructions contain a material misstatement of the law." *Rivera*, 865 N.W.2d at 902. Or reversal may be warranted when the "instruction is misleading or confusing," such that "it is 'very possible' the jury could reasonably have interpreted the instruction incorrectly." *Id.* (citation omitted). Joe appeals on both grounds. He contends minority shareholders do not owe fiduciary duties to the corporation. He also contends the instruction is confusing and contradicts other instructions. Joe homes in on Instruction No. 18 and the portion of that instruction that read:

> Concerning proposition no. 2 of Instruction No. 15, a corporate officer, director, shareholder or employee may not secure a business opportunity that in all fairness should belong to the corporation.[4]

After our review of the record and applicable law, we conclude the inclusion of "shareholder" in Instruction No. 18 materially misstates the law. Contrary to the instruction, an individual's status as a shareholder, without more, is insufficient to create a fiduciary relationship. It is true, "[m]anagement-controlling directors and majority shareholders of [closely-held] corporations have long owed a fiduciary duty to the company and its shareholders." *Baur v. Baur Farms*, *Inc.*, 832 N.W.2d 663, 673-74 (Iowa 2013) (citing *Cookies Food Prods., Inc. v. Lakes Warehouse Distrib., Inc.*, 430 N.W.2d 447, 451 (Iowa 1988)). But minority shareholders do not

---

[4] As used by Manatt in closing arguments, Instruction No. 18 appeared, with emphasis added, in a demonstrative exhibit as follows:

> Concerning proposition no. 2 of Instruction No. 15, a corporate officer, director, ***shareholder*** or employee may not secure a business opportunity that in all fairness should belong to the corporation

have such a duty solely by virtue of being minority shareholders. *Cookies*, 430 N.W.2d at 451 ("[B]efore acquiring majority control . . . [the defendant] owed no fiduciary duty to [the corporation] or [other shareholders]."). In closely held corporations, *Cookies* is clear that it is the control majority shareholders exercise that warrants the imposition of fiduciary duties, not their position as shareholders as such. *Id.* ("Therefore, [the majority shareholder's] conduct is subject to scrutiny only from the time he began to exercise control of [the corporation].").

Including shareholders in the instruction gave the false impression that all shareholders, regardless of their ownership stake, owe similar fiduciary duties as directors, officers, and employees. *See id.* (noting the defendant, "*as an officer and director* of [the corporation], owes a fiduciary duty to the company and shareholders" (emphasis added)); *see also Weltzin v. Cobank, ACB*, 633 N.W.2d 290, 294 (Iowa 2001) (describing the general principles of determining whether a fiduciary relationship exists); *Econ. Roofing & Insulating Co. v. Zumaris*, 538 N.W.2d 641, 648 (Iowa 1995) (explaining that employees are in a classic fiduciary relationship with their employer). That implication misstates the law and would mislead reasonable jurors.[5]

While the jury instruction was legally inadequate, reversal is unnecessary if the error was harmless. *Rivera*, 865 N.W.2d at 903. "In applying the harmless-error doctrine we 'first guess' the jury. In other words, we try to divine what a jury would have done had it been properly instructed, an admittedly delicate task that

---

[5] The court was purportedly attempting to avoid Joe claiming legal immunity based on his status as a minority shareholder. But the court's motives for including a particular instruction are irrelevant on appeal. *Rivera*, 865 N.W.2d at 904.

should emphasize humility over hubris." *Id.* Manatt, as the party claiming harmlessness, bears the burden of proving Joe was not "injuriously affected by the alleged error or that there has not been a miscarriage of justice." *See id.* We assume prejudice unless the opposite is affirmatively established. *Id.*

Manatt claims error was harmless because Joe would have been liable on an alternative ground regardless of the improper instruction. In particular, Manatt contends Joe breached his fiduciary duty as a former employee by utilizing confidential information he obtained during his employment. *See Econ. Roofing*, 538 N.W.2d at 648. Manatt highlights that Joe was found liable in the first trial that did not include the challenged instruction. *See Manatt*, 2020 WL 5229173, at *2.

We determine error was not harmless because Manatt cannot affirmatively establish the jury did not use the improper instruction when it found Joe liable. *See Olson v. Prosoco, Inc.*, 522 N.W.2d 284, 290 (Iowa 1994). Three instructions, Nos. 17, 18, and 19, instruct the jury on fiduciary duties Joe may have owed to Manatt at various times.[6] The general verdict form explains that the jury found a fiduciary relationship existed between Joe and Manatt between December 23, 2016, and June 2017, and he breached his duty from this relationship. There is no indication how the jury concluded Joe was in a fiduciary relationship with Manatt—whether that be as a former employee or the belief that his shareholder status created such a relationship. Nor does it disclose how he breached his fiduciary duties, such as the use of confidential information or usurpation of a

---

[6] Instruction No. 17 involves the fiduciary duty to inform; No. 18, as quoted above, deals with usurping corporate opportunities; while No. 19 advises the jury on the use of confidential information obtained while involved with the corporation as an employee, shareholder, officer, or director.

corporate opportunity. "We have reversed and remanded cases where a general verdict of liability resulted from the submission of two theories, one of which contained an error in the instructions" because "we were unable to determine that the verdict resulted from a theory that was free of error." *Id.* at 290. The jury may well have concluded, as Manatt contends, that Joe was in a fiduciary relationship with Manatt and breached his fiduciary duties independently from his position as a minority shareholder. But Manatt cannot affirmatively demonstrate the jury did so.[7]

We also note that the fact a jury found Joe liable in the first trial without the erroneous instruction does not alter our analysis. That verdict had issues of its own, finding Joe liable without finding any damages, after which the court granted a motion for a new trial. *Manatt*, 2020 WL 5229173, at *4. Trials are complex, and reasonable juries may come to different conclusions on a myriad of differences in the two trials even when they are premised on the same claims and facts. And the first trial also utilized a general verdict form that simply asked, "Did Manatt's Inc. prove its claim of breach of fiduciary duty." *Id.* The lack of a special verdict form limits our ability to infer how that jury came to its decision. *See Olson*, 522 N.W.2d at 290.

Instruction No. 18 materially misstates the law as it relates to the fiduciary duties a minority shareholder, acting as such, owes to a closely held corporation and other shareholders.[8] Because, on the record before us, Manatt does not

---

[7] We make no statement on the merits of whether Joe was in a fiduciary relationship with Manatt, nor do we address whether he breached a fiduciary duty as a former or current employee or director.

[8] We also agree with Joe that Instruction No. 18 was contradictory and confusing. Instruction Nos. 19 and 22 recognize that Joe is free to compete against Manatt. But reading Instruction No. 18 in conjunction with Instruction Nos.19 and 22 gives

affirmatively demonstrate that the jury did not rely on the improper instruction, we reverse and remand for a new trial.[9]

**REVERSED AND REMANDED.**

---

both the impression that Joe can compete and also be held to the standards of a fiduciary.

[9] On appeal, Joe also claims the court improperly amended the jury verdict to find Manatt did not fail to mitigate damages. Because we remand for a new trial based on the improper jury instruction, we do not reach that issue.